UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**LAWRENCE AND MELODY GLASSMANN,**
       Plaintiffs,

v.

**ELIZABETH AND STEPHEN BURNS,**
       Defendants.

Case No.: 1:15-CV-622

Judge Michael R. Barrett

## OPINION AND ORDER

This matter is before the Court on the Motion to Remand of Plaintiffs Lawrence and Melody Glassman. (Doc. 7). Defendants Elizabeth and Stephen Burns have filed a response in opposition. (Doc. 11). Plaintiffs have filed a reply. (Doc. 13).

Also before the Court is Plaintiffs' Motion for Expedited Limited Discovery (Doc. 15), and Defendants' response in opposition (Doc. 16).

**I.    FACTUAL SUMMARY**

On or about May 18, 2005, Plaintiffs and Defendants entered into a nine-month residential lease of Plaintiffs' property located at 8005 Peregine Lane in Cincinnati, Ohio. Per the lease, the monthly rent payment was $4,500 plus maintenance fees.

Shortly after entering the lease, several events occurred. Defendants requested an extension of the nine-month lease to a two-year lease. Plaintiffs declined to extend the lease, explaining to Defendants that they intended to put the house up for sale at the end of the lease term. Days later, Defendants wrote to Plaintiffs requesting that they be allowed out of their lease obligation so they could move to another location within Indian Hill to remain in place for the next two years while their son finished high school. Plaintiffs declined Defendants' request. Further, when Defendants notified Plaintiffs that their college-bound son would visit for the

1

summer, Plaintiffs attempted to have Defendants execute a lease amendment preventing Defendants from operating gas and water lines without prior approval, or pay extra rent for their son.

Around the same time, Defendants ran into some issues with the home. Not only did Defendants have an issue obtaining cable and internet inside the home due to certain restrictions dictated by Plaintiffs, but they also noticed several defects in the property. On or about July 13, 2015, Defendants sent a formal notice to Plaintiffs that the defects had not been remedied, but then paid rent for the premises for July 18, 2015 through August 18, 2015. In response to the notice, Plaintiffs requested permission to inspect the property and did so within a few days of receipt of Defendants' correspondence. At that time, on or about July 14, 2015, Defendants moved out of the property with no notice to Plaintiffs. On July 25, 2015, Plaintiffs wrote to Defendants addressing the alleged breach of their obligations under the lease, as well as the alleged defects, and demanded payment under the lease. Plaintiffs also threatened to sue Defendants for, among other things, slander and defamation.

On or about July 27, 2015, Defendants notified Plaintiffs that they were terminating the lease. On August 3, 2015, Plaintiffs sent another letter to Defendants demanding continued rent payments. Defendants, however, have not paid any rent or maintenance fees to Plaintiffs beyond August 18, 2015.

Plaintiffs filed suit in Hamilton County Court of Common Pleas on August 26, 2015, and filed an Amended Complaint on August 28, 2015, alleging breach of the lease and unjust enrichment. In the Amended Complaint, Plaintiffs sought the following relief:

    a. Judgment in the sum of at least $71,200.00, which represents the current calculation of amounts due under the Lease for Monthly Rent, Late Charges, and Maintenance Fees, but which calculation will increase based

>     on continuing Maintenance Fees during the Term and accruing Late Charges assessed;
>
>   b.  Forfeiture of the [Defendants'] $4,500 Deposit;
>
>   c.  All attorneys' fees and costs;
>
>   d.  Such other relief to which the [Plaintiffs] may be entitled.

(Doc. 3, PageId 258). Exhibit 4 to the Amended Complaint contains a breakdown of the $71,200 sum, which indicates the amount includes attorneys' fees to date of $10,000.

On September 25, 2015, Defendants filed their Notice of Removal. In the Notice of Removal, Defendants argue that removal is proper pursuant to 28 U.S.C. § 1332(a) based upon diversity jurisdiction.

On October 23, 2015, Plaintiffs filed their Motion to Remand. In the Motion to Remand, Plaintiffs argue that remand is proper because (1) the amount in controversy is not satisfied; (2) the parties are not diverse; and (3) the forum selection clause in the lease agreement requires the suit to be maintained in the state court.

## II. ANALYSIS

### A. 28 U.S.C. § 1332

Under 28 U.S.C. § 1332, the Court has original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. A civil matter brought in state court over which the district courts of the United States have original jurisdiction may be removed to the appropriate district court unless any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(a)-(b). Here, the parties dispute whether the amount-in-controversy requirement and the diversity requirement are satisfied. For the reasons explained

below, the Court concludes that the amount-in-controversy requirement is not satisfied and that it is therefore unnecessary to consider whether the diversity requirement is satisfied.

When a notice of removal is based upon 28 U.S.C. § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless the initial pleading either seeks non-monetary relief, or seeks a money judgment, but the State practice either does not permit a demand for a specific sum or permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446(c)(2). A defendant seeking to remove a case bears the burden of satisfying the amount in controversy requirement by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2); *see also Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Courts generally are to view the claims from the vantage point at the time of removal. *Everett*, 460 F.3d at 822. "'[A]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (quoting *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005)) (additional quotations omitted).

As there is no non-monetary relief at issue here and there is a demand for a specific sum based upon a written lease, the Court first considers the specific sum demanded. The Amended Complaint demands a specific sum of $75,700, which includes a $4,500 security deposit and $71,200 for the current calculation of amounts due under the Lease for Monthly Rent, Late Charges, and Maintenance Fees. Based solely on the pleading in the Amended Complaint, the amount-in-controversy requirement exceeds the jurisdictional amount of $75,000.

Plaintiffs argue that the Court should consider the exhibit attached to the Amended Complaint wherein the charges comprising the $71,200 are broken out. Plaintiffs contend that $10,000 of the $71,200 sum consists of attorney's fees that are unrecoverable under Ohio Rev.

4

Code § 5321.13(C) even though the lease provides for an award of attorneys' fees to the prevailing party. When that amount is subtracted, Plaintiffs argue, Defendants cannot satisfy the amount-in-controversy requirement.

The Court agrees with Plaintiffs. Generally, attorney's fees are excludable in determining the amount in controversy for purposes of jurisdiction, unless a basis exists for the recovery of those fees. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). The $10,000 in attorney's fees plainly is not recoverable under Ohio Rev. Code § 5321.13(C) despite an attorney's fees provision in the lease agreement, and that amount must therefore be excluded from the amount in controversy. *See Quinlan v. Lienesch*, 2013-Ohio-2288, ¶ 12 (Hamilton App. June 5, 2013) (holding that provision in lease agreement for award of attorney's fees was unenforceable as a matter of law under Ohio Rev. Code § 5321.13(C)).[1] To ignore this statutory prohibition at this time may lead to a jurisdictional challenge to the Court's subject-matter jurisdiction at a later time in the proceedings before final judgment. 28 U.S.C. § 1447(c); *see also Torres v. State Farm Mut. Auto. Ins. Co.*, 478 F. Supp. 2d 924, 928 (E.D. Mich. 2007). Therefore, excluding the $10,000 from the amount pled, Defendants cannot satisfy the amount-in-controversy requirement and the case shall be remanded.[2]

### B. Forum Selection Clause

Even though the requirements of 28 U.S.C. § 1441 have not been satisfied in this case, the Court nonetheless will consider Plaintiffs second argument that the forum selection clause in the lease requires that the case be remanded. The pertinent clause reads:

> **38. GOVERNING LAW.** This Agreement shall be governed by the laws of the State of Ohio. All legal action will take place in the county in which the Property is located.

---

[1] It is noted that the lease agreement provides that Ohio law shall govern.
[2] Aside from arguing that Defendants pled an amount over the $75,000 threshold, Plaintiffs assert no other reasons why the amount in controversy requirement is satisfied in this case.

(Doc. 3, PageId 264).

Although the right to remove can be waived, "such waiver must be clear and unequivocal." *Regis Assocs. v. Rank Hotels (Management), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990). Despite Plaintiffs well-supported argument that "county" means Hamilton County rather than a federal district court, the Sixth Circuit has found no effective waiver of the right of removal even when the forum selection clause required the suit to be brought in the "State court of Michigan." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 346-47 (6th Cir. 2008). It reasoned that "[a] clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." *Id.* at 347. *Accord: Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 888 (6th Cir. 2009) (holding the forum selection clause did not contain a clear and unequivocal waiver of the right to remove the case to federal court where it neither mentioned removal nor set forth an explicit waiver of that right).

Likewise, the forum selection clause at issue here neither mentions removal nor sets forth an explicit waiver of that right by Defendants. Accordingly, the motion to remand on this ground is denied.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Expedited Limited Discovery (Doc. 15) is **DENIED AS MOOT** and Plaintiffs' Motion to Remand (Doc. 7) is **GRANTED** because the amount-in-controversy requirement has not been satisfied. This case shall be **REMANDED** to the Hamilton County Court of Common Pleas.

**IT IS SO ORDERED.**

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT